# Charleston.

JOHN D. LEWIS, *et al, vs.* JOHN L. McMULLIN, *et al.*

January Term, 1872.

1.* A case in which the action being ejectment, it was not error to refuse a new trial on the ground of newly discovered testimony, such alleged testimony being that one of the plaintiffs had conveyed by deed an undivided moiety of the land in controversy; the deed having been recorded in the county in which the suit was instituted two years before the trial. And it not being alleged in the affidavit that the co-defendants, or any of them, had no notice or knowledge of such deed, or that any of them had used due diligence, or any diligence, to ascertain the fact of its existence. Nor could the defendants have been prejudiced by the refusal to grant a new trial, inasmuch as the remaining plaintiff being a tenant in common with the grantee in the deed, would have been entitled to recover, as against the defendants, the whole of the land in controversy.

. It is not good grounds for the setting aside of a verdict on the affidavit of a juror, that the jury would have found a different verdict if they had believed that at the time certain declarations were made to witnesses, by an old man, as to the location of a corner, that the old man was of sane mind and reasonable judgment.

Ejectment brought to September rules, 1860, in the circuit court of Kanawha county. Trial and verdict for plaintiffs, Hale and McMullin, December term, 1868.

The only question determined in this court arose on the refusal of the court below to grant a new trial. The grounds for the motion are fully stated in the President's opinion, except the matters stated in the affidavit of one of the jurors, alluded to therein. The latter contained a statement, that if the jury had believed that the declarations of a certain party, an old man over eighty years of age, as to the location of a corner, were made to the witnesses whilst the old man was

sane and of reasonable judgment, the verdict would have been for the defendants.

The defendants appealed.

*Miller & Quarrier* for the plaintiffs in error.

*T. B. Swann* and *B. H. Smith* for the defendants in error.

BERKSHIRE P. The question to be considered in this case arises on the appellants' motion for a new trial. They based their motion on the alleged discovery, since the trial, of new evidence, of which they claim they had no notice or knowledge at the time; and also on the affidavit of one of the jurors in relation to a misunderstanding that existed among them, as to the effect of the testimony of John Slack, a witness for the appellants on the trial. The additional evidence which it was alleged they had discovered, consists of a deed executed by Hale, one of the plaintiffs in the action, on the 20th of October, 1858, to George W. Morrison for the said Hale's undivided moiety of the land in controversy. The affidavit of the appellant, Lewis, on which the motion for the trial was founded, states that he had the sole management of the suit, on the part of the defendants, and did not know of or discover the existence of such deed, until the second morning after the verdict was rendered, and that until that time he had no knowledge or intimation of this conveyance. He does not aver that he used diligence in the premises, or made any effort to ascertain whether any such conveyance had been made; nor that his co-defendants, or any of them, had no such notice or knowledge. This deed, it appears, was duly acknowledged and admitted to record, in the clerk's office of the county court of Kanawha county, on the day of its date, which was some two years prior to the institution of this suit. It also appears that Morrison re-conveyed the same undivided interest in the land to the said Hale in August, 1867, being more than a year before the trial and verdict.

As the deed from Hale to Morrison for his undivided moiety of the land in question, was duly recorded, some two years before the trial; and as it is not alleged in the affidavit of said Lewis, that his *co-defendants*, or any of them, had no such notice or knowledge of the said deed, or that any of the defend-

ants used due diligence, or *any* diligence to ascertain the fact of its existence; and as it does not appear that the appellants were in fact prejudiced by such refusal of the court to set aside the verdict, inasmuch as the plaintiff, McMullin, as tenant in common with said Morrison, if entitled to a recovery would have been entited to recover, as against the defendants the *whole* of the land in controversy, notwithstanding the suit might have been dismissed as to Hale, we think the court did not err in refusing a new trial, on account of the matters set forth in said affidavit. Nor because of the matters stated in the affidavit of the juror.

The judgment must be affirmed with costs and damages.

The other judges concurred.

JUDGMENT AFFIRMED.